UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
MIKE DAVIS,                    :
                              :
          Plaintiff,          :    **MEMORANDUM AND ORDER**
                              :
     - against -              :    05 Civ. 6995 (MHD)
                              :
NEW YORK CITY TRANSIT AUTHORITY, :
                              :
          Defendant.          :
-------------------------------x

**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE:**


    Pro se plaintiff Mike Davis commenced this action pursuant to
Title VII, 42 U.S.C. § 2000e et seq., against his former employer,
the New York City Transit Authority ("NYCTA"). Plaintiff claims
that defendant (1) fostered a hostile work environment when one of
plaintiff's co-workers allegedly sexually harassed plaintiff; and
(2) discriminated against plaintiff on the basis of sex when it
terminated his employment. Plaintiff seeks back pay and
reinstatement.


    Defendant has moved for summary judgment pursuant to Fed. R.
Civ. P. 56(c). Defendant argues that plaintiff has not adduced
evidence sufficient to sustain a hostile-work-environment claim.
Defendant also argues that plaintiff has not made out a prima facie
case of discrimination, and that defendant had a neutral, non-
discriminatory reason for terminating his employment.

1

For the reasons that follow, we grant NYCTA's summary-judgment motion.

## BACKGROUND

Plaintiff began working for NYCTA as a car cleaner in 1989. (Davis Dep. 8; Def.'s Mot. for Summ. J. ("Def.'s Mot.") Ex. 2). In May 2003, he was working at the Wakefield-241st Street subway station in the Bronx, where his primary responsibilities included "[s]weeping and mopping subway cars" during the 4:00 p.m.-to-midnight shift. (Davis Dep. 9).

On May 28, 2003, Mr. Gary Trimble, one of plaintiff's co-workers, submitted a written statement to R. DelValle Jr., Deputy Superintendent of the 239th Street Maintenance Shop, stating that shortly before midnight on May 27, 2003, plaintiff had pushed Trimble down a staircase, pulled out a knife, and threatened to "stick" him. (Def.'s Mot. Exs. 4, 5; Davis Dep. 14). DelValle investigated the allegation, soliciting information from both plaintiff and other NCYTA staffers who were present during the incident. (See Def.'s Mot. Ex. 5). At least two other employees witnessed the incident, and one employee, Michelle Riera, told Mr. DelValle that she saw Trimble and plaintiff shove each other and that she saw plaintiff brandish a knife. (Id.).

2

In response to DelValle's investigation, plaintiff disputed Trimble's account of the events. Plaintiff submitted two reports to DelValle, dated May 28, 2003 and May 30, 2003, indicating that Trimble had "made a sexual comment toward [plaintiff]," that plaintiff had "informed [Trimble] that [he] did not like it," and that "[i]t came to a loud word exchange, but nothing else came out of it."[1] (Id.). He denied possessing and threatening to use a knife, and he denied pushing Trimble down a staircase. (Id.). He confirmed his version of the events in his deposition, stating that "[c]onversation's volume escalated because we was trying to understand each other. After I see I couldn't get nothing across to him, I walk down the stairs and I went home." (Davis Dep. 23).

NYCTA commenced disciplinary proceedings against plaintiff on June 4, 2003, charging him with "conduct unbecoming a NYC Transit employee" and recommending a penalty of dismissal. (Def.'s Mot. Ex. 6). Plaintiff appealed this recommendation through the appropriate steps outlined in the collective bargaining agreement between NYCTA and the Transport Workers Union of America, Local 100, AFL-CIO. (Def.'s Mot. Ex. 6, Ex. 7 at 41-45). NYCTA's recommendation was upheld throughout the appeals process, and plaintiff eventually

---

[1] Plaintiff specifically alleged in his complaint to the State Division of Human Rights that Trimble had "stated that I have a look like the back of a women's ass, and that if I was on stage . . . that he would pull out his thing and stick it in the crack of my butt." (Def.'s Mot. Ex. 10).

3

reached arbitration. (Davis Dep. 29).


For the arbitration hearing, plaintiff agreed to submit to an impartial arbitrator the issue of "[w]hether the Employer has cause to discharge Grievant Michael B. Davis, and if not, what shall be the remedy." (Def.'s Mot. Ex. 8 at 1). At the hearing, both parties appeared with counsel, and had the opportunity to present evidence, cross examine witnesses, and make arguments. (<u>Id.</u> at 1-2). After reviewing the evidence, the arbitrator determined that NYCTA had showed cause for disciplining plaintiff and sustained NYCTA's recommended penalty of dismissal, noting that neither Trimble nor Riera -- the two witnesses for NYCTA -- had "any apparent motive to hurt [plaintiff]," and that both saw him holding a knife during the incident. (<u>Id.</u> at 2, 4).


On November 10, 2003, plaintiff filed a complaint with the New York State Division of Human Rights in which he claimed that he had been subjected to "hostile work environment sexual harassment," and that NYCTA had discriminated against him based on sex. (Def.'s Mot. Ex. 10 at 1-2). On April 12, 2005, the State Division of Human Rights determined that there was no probable cause to believe that NYCTA had engaged in unlawful discriminatory practices. (Def.'s Mot. Ex. 11 at 1).

Plaintiff filed the current civil action on August 5, 2005, claiming that NYCTA (1) subjected him to a hostile work environment, consisting of Trimble's alleged sexually explicit comment to plaintiff, and (2) discriminated against him on the basis of sex when it terminated his employment.

**ANALYSIS**

I. Summary Judgment Standard

The court may enter summary judgment only if it concludes that there is no genuine dispute as to the material facts and that, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law [while] [a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Shade v. Hous. Auth. of the City of New Haven, 251 F.3d 307, 314 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). It is axiomatic that the responsibility of the court in deciding a summary-judgment motion "is not to resolve disputed issues of fact

but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986); see, e.g., Anderson, 477 U.S. at 255; Howley v. Town of Stratford, 217 F.3d 141, 150-51 (2d Cir. 2000).

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the "pleadings, the discovery and disclosure materials on file, and any affidavits" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c); see, e.g., Celotex, 477 U.S. at 322; Koch v. Town of Brattleboro, 287 F.3d 162, 165 (2d Cir. 2002). If the non-moving party has the burden of proof on a specific issue, the movant may satisfy its initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim. See, e.g., Celotex, 477 U.S. at 322-23, 325; PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). If the movant fails to meet its initial burden, however, the motion will fail even if the opponent does not submit any evidentiary materials to establish a genuine factual issue for trial. See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 161 (1970); Giannullo v. City of New York, 322 F.3d 139, 140-41 (2d Cir. 2003).

If the moving party carries its initial burden, the opposing party must then shoulder the burden of demonstrating a genuine issue of material fact. See, e.g., Beard v. Banks, 548 U.S. 521, 529 (2006); Celotex, 477 U.S. at 322; Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001). In doing so, the opposing party cannot rest "merely on allegations or denials" of the factual assertions of the movant, Fed. R. Civ. P. 56(e); see, e.g., Amaker v. Foley, 274 F.3d 677, 680-81 (2d Cir. 2001), nor can he rely on his pleadings or on merely conclusory factual allegations. See, e.g., Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). He must also "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005). Rather, he must present specific evidence in support of his contention that there is a genuine dispute as to the material facts. See, e.g., Celotex, 477 U.S. at 324; Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

In order to show a "genuine dispute" of material fact, the opposing party must demonstrate that there is sufficient evidence for a reasonable jury to find in his favor. Anderson, 477 U.S. at 248; Matsushita, 475 U.S. at 587; Allstate Ins. Co. v. Hamilton

7

Beach/Proctor Silex, Inc., 473 F.3d 450, 455-56 (2d Cir. 2007) (citing Anderson, 477 U.S. at 249). Moreover, if "the party opposing summary judgment propounds a reasonable conflicting interpretation of [the] material disputed fact[s]," summary judgment must be denied. Schering Corp. v. Home Ins. Co., 712 F.2d 4, 9-10 (2d Cir. 1983).

II. Hostile Work Environment

Plaintiff's sexual-harassment claim is grounded on Trimble's alleged sexually explicit remark. Plaintiff argues that Trimble's comments were sufficiently severe or pervasive to satisfy the Title VII standard of a hostile or abusive working environment. We conclude that the evidence is insufficient to permit a trier of fact to find that defendant in fact created such an environment.

A plaintiff must establish two elements to prevail on a hostile-work-environment claim against an employer premised on sexual harassment. First, he must demonstrate that the workplace was "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65,

8

67 (1986)). Further, "it is axiomatic that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of [his] sex." Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002); see also Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (same-sex sexual harassment); Tainsky v. Clarins USA, Inc., 363 F. Supp. 2d 578, 583 (S.D.N.Y. 2005) (same).

Second, a plaintiff must show that "a specific basis exists for imputing the conduct that created the hostile environment to the employer." Petrosino v. Bell Atlantic, 385 F.3d 210, 220 (2d Cir. 2004); see, e.g., Eichler v. Am. Int'l Group, Inc., 2007 WL 963279, at *8 (S.D.N.Y. Mar. 30, 2007) (citing Burlington Indus., Inc., v. Ellerth, 524 U.S. 742, 754-55 (1998)) (finding that when plaintiff named former employer as sole defendant in Title VII hostile-work-environment claim, she was obligated to prove that defendant was "vicariously liable for the conduct of its supervisors.").

A. Severe or Pervasive Hostility

To satisfy the first element -- a sufficiently severe or pervasive discriminatory environment -- the plaintiff must show that the harassment in question was both objectively and

9

subjectively objectionable. <u>Harris</u>, 510 U.S. at 21-22. "[T]he plaintiff must demonstrate that [he] personally considered the environment hostile, and that the environment rose to some objective level of hostility." <u>Leibovitz v. New York City Transit Auth.</u>, 252 F.3d 179, 188 (2d Cir. 2001). Courts determine whether a working environment is sufficiently abusive or hostile based on a review of the totality of the circumstances, including the frequency of discriminatory conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating or merely an offensive utterance, and whether the conduct unreasonably interferes with an employee's performance. <u>Harris</u>, 510 U.S. at 23; <u>see also</u> <u>Terry v. Ashcroft</u>, 336 F.3d 128, 148 (2d Cir. 2003); <u>Fosen v. The New York Times</u>, 2006 WL 2927611, at *8 (S.D.N.Y. Oct. 11, 2006).

It bears explaining that "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious)" will not constitute a sufficiently pervasive hostile environment. <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998) (quoting <u>Oncale</u>, 523 U.S. at 82); <u>see</u> <u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 271-72 (2001) (upholding a district court's grant of summary judgment dismissing a sexual harassment claim based on a single allegedly offensive comment); <u>see also</u> <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759, 767-68 (2d Cir. 1998). However, while minor

incidents do not merit relief under Title VII, "a single episode of harassment, if severe enough, can establish a hostile work environment." <u>Torres v. Pisano</u>, 116 F.3d 625, 631 n.4 (2d Cir. 1997). If an alleged act of harassment, while offensive, does not unreasonably interfere with the employee's job performance and is not "'sufficiently continuous and concerted' to be considered pervasive," it is beyond the purview of the discrimination laws. <u>Brennan v. Metro. Opera Ass'n</u>, 192 F.3d 310, 318 (2d Cir. 1999) (quoting <u>Perry v. Ethan Allen, Inc.</u>, 115 F.3d 143, 149 (2d Cir. 1997)).

Even if we were to take plaintiff's testimony to be true, the evidence he presents -- his sworn statement that on May 27, 2003 Trimble made a sexually explicit comment to him, and that plaintiff found the comment offensive -- does not rise to the level of severity or pervasiveness necessary to sustain a sexual-harassment hostile-work-environment claim. Plaintiff's testimony reflects only one isolated incident between plaintiff and Trimble during plaintiff's tenure with NYCTA, and plaintiff stated that he and Trimble were friends at the time of the incident. (Def.'s Mot. Ex. 1, Letter dated June 30, 2004). Additionally, plaintiff did not immediately report the incident himself, as it was not until NYCTA began investigating Trimble's allegations that plaintiff alleged that Trimble had made a sexual comment to him.

11

Thus, a reasonable trier of fact could not find that Trimble's comment triggered or reflected severe or pervasive hostility or interfered with plaintiff's job performance. See, e.g., Trinidad v. New York City Dep't of Corr., 423 F. Supp. 2d 151, 167 (S.D.N.Y. 2006) (finding that even when individual "made sexual remarks," "such evidence of obnoxiousness would not establish a hostile work environment claim"); Mark v. Brookdale Univ. Hosp., 2005 WL 1521185, at *27 (E.D.N.Y. June 22, 2005) (finding two alleged isolated remarks not sufficiently frequent and pervasive to support an actionable hostile environment claim); Young v. Rogers & Wells, LLP., 2002 WL 31496205, at *9 (S.D.N.Y. Nov. 6, 2002) (finding that a few isolated incidents of rude or offensive comments did not establish a hostile work environment); Gregg v. N.Y. State Dep't of Tax'n & Fin., 1999 WL 225534, at *12 (S.D.N.Y. Apr. 19, 1999) (finding that ten to fifteen allegedly inappropriate conversations, four instances of allegedly offensive touching, and repeated invitations to meals and drinks over three to four months not sufficiently severe or pervasive).

Additionally, in a same-sex harassment case, a plaintiff must present either: "(1) evidence that the harasser was homosexual and the harassment is motivated by sexual desire; (2) evidence that the harasser is motivated by a hostility to the presence of the victim's sex in the workplace; [or] (3) . . . evidence that the

harasser treated males and females differently in a mixed-sex work environment." Ciccotto v. Lcor, 2001 WL 514304, at *4 (S.D.N.Y. Jan. 31, 2001) (citing Oncale, 523 U.S. at 81); see, e.g., Tainsky, 363 F. Supp. 2d at 583 (finding in a same-sex harassment suit that the evidence sufficiently demonstrated that "alleged harasser intended to have some kind of sexual contact with the plaintiff"); Moran v. Fashion Inst. of Tech., 2002 WL 31288272, at *5 (S.D.N.Y. Oct. 7, 2002) (finding that evidence of plaintiff's belief that alleged harasser was homosexual alone not sufficient to show that conduct was motivated by sexual desire).

Plaintiff has adduced no such evidence regarding Trimble. What little we do know about Trimble appears in plaintiff's deposition testimony, in which he stated that he had not had any problems with Trimble prior to May 27, 2003. (Davis Dep. at 16). Indeed, plaintiff stated that, prior to the May 27, 2003 incident, he and Trimble were on a friendly basis, and that earlier that month plaintiff, as a union representative, had "represented" Trimble when NYCTA accused him of being "two hours AWOL from his location." (Davis Dep. 16-17, 21). Plaintiff explained that he "tried to keep [Trimble] from getting himself into any kind of trouble." (Davis Dep. 17). Plaintiff points to no evidence of Trimble's sexual orientation or sexual desires, nor does he proffer evidence that Trimble was hostile toward the presence of men in the workplace or

that he treated males and females differently in a mixed-sex work environment.

Accordingly, because the complained-of isolated event was merely an offensive comment, which plaintiff neglected to bring to defendant's attention until he was the subject of an internal investigation, and because plaintiff has adduced none of the requisite evidence to sustain a same-sex sexual-harassment claim, see Oncale, 523 U.S. at 80, his claim could not prevail at trial.

B. The Defendant's Responsibility

      Even if plaintiff could show that he was subjected to a hostile environment as a result of the alleged comment, he must also establish a basis for imputing the conduct to his employer in order to prevail on his claim. See Meritor, 477 U.S. at 69-73. If the conduct in question was engaged in by a co-worker, an employer is not liable unless the employer either provided no reasonable avenue of complaint or knew of the harassment and did nothing to prevent it. Quinn, 159 F.3d at 766; see also Murray v. New York Univ. Coll. of Dentistry, 57 F.3d 243, 249 (2d Cir. 1995). Additionally, where an employer takes immediate remedial action after an employee complains, the employer cannot be found liable. See Perry, 115 F.3d at 154. Plaintiff has not proffered sufficient

14

evidence to permit a trier of fact to find that defendant was responsible for Trimble's conduct.

Plaintiff stated that he was aware of NYCTA's zero-tolerance policy regarding sexual harassment and had attended some kind of sexual-harassment class. (Davis Dep. 33). While "not necessarily dispositive, the existence of an anti-harassment policy with complaint procedures is an important consideration" in determining whether an employer "took reasonable steps both to prevent discriminatory harassment and to remedy the harassing conduct promptly once it was brought to the employer's attention." Millin v. McClier Corp., 2005 WL 351100, at *7 (S.D.N.Y. Feb. 14, 2005) (quoting Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001)). Additionally, when given the chance to report the incident to a supervisor immediately after it occurred, plaintiff did not do so (Davis Dep. 44-45), despite the fact that he was a union representative and was therefore likely to know about defendant's procedure for filing complaints. (Id. at 17). In short, plaintiff has offered no evidence that NYCTA failed to provide a proper avenue for complaint. See, e.g., Susko v. Romano's Macaroni Grill, 142 F. Supp. 2d 333, 338 (E.D.N.Y. 2001) (finding that defendant's established sexual-harassment policy that was provided to the plaintiff "clearly" showed that it provided a reasonable avenue for complaint).

Plaintiff has also not shown that defendant knew of the alleged harassment and did nothing to prevent it. Plaintiff never made a complaint of sexual harassment to NYCTA. In fact, when a NYCTA supervisor approached Mr. Trimble and plaintiff after the incident and asked if everything was alright, plaintiff replied, "Yes, everything is ok." (Davis Dep. 45). It was only after Trimble accused plaintiff of assault that plaintiff, in his own defense, first mentioned that Trimble had "made a sexual comment" toward him. (Def.'s Mot. Ex. 5). However, plaintiff still failed to report at this point that he had been sexually harassed. Plaintiff did not actually claim sexual harassment until he filed a complaint with the State Division of Human Rights on November 10, 2003, more than five months after the incident with Mr. Trimble, and after plaintiff had already gone through the entire NYCTA grievance procedure. (Davis Dep. 34-35; Def.'s Mot. Ex. 10 at 1-2). If a supervisor is not informed that an employee feels sexually harassed, then it cannot be reasonably found that the employer knew of the harassment and did nothing to prevent it. See, e.g., Murray, 57 F.3d at 249. The evidence in this case cannot support a finding that defendant knew about the harassment and did nothing.

In sum, since defendant employer provided a sufficient avenue for reporting sexual harassment and since plaintiff did not report sexual harassment until months after the termination of his

16

employment, even if Trimble's behavior constituted sexual harassment, liability could not be imputed to defendant.

III. <u>Discrimination Based on Sex</u>

In addition to his sexual-harassment claim, plaintiff alleges that NYCTA discriminated against him on the basis of sex when it terminated his employment. We conclude that plaintiff has not provided any evidence to support this claim and that, in any event, as a matter of law, defendant had a legitimate, non-discriminatory reason for plaintiff's termination.

Title VII makes it unlawful "for an employer . . . to discharge any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Despite the fact that most claims of gender discrimination are brought by women, it is well settled that Title VII's prohibition of sex discrimination applies to men as well as women. <u>Newport News Shipbuilding & Dry Dock Co. v. EEOC</u>, 462 U.S. 669, 682 (1983) ("Male as well as female employees are protected against discrimination.").

To establish a claim for disparate treatment under Title VII, a plaintiff must first establish a <u>prima</u> <u>facie</u> case of discrimination. <u>See</u>, <u>e.g.</u>, <u>McDonnell Douglas Corp. v. Green</u>, 411

17

U.S. 792, 802 (1973); <u>Windham v. Time Warner Inc.</u>, 275 F.3d 179, 187 (2d Cir. 2001); <u>Luciano v. Olsten Corp.</u>, 110 F.3d 210, 215 (2d Cir. 1997). To do so, a plaintiff must demonstrate (1) that he belongs to a protected class, (2) that he was qualified for his position, (3) that he was subjected to an adverse employment action, and (4) that this action occurred in circumstances suggesting "discriminatory animus." <u>Belfi v. Prendergast</u>, 191 F.3d 129, 139-40 (2d Cir. 1999); <u>see also</u> <u>Slattery v. Swiss Reinsurance Am. Corp.</u>, 248 F.3d 87, 91-92 (2d Cir. 2001).

If the plaintiff can make out a <u>prima</u> <u>facie</u> case, then the burden shifts to the defendant to articulate a neutral or non-discriminatory reason for its action. <u>See</u> <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802; <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 42 (2d Cir. 2000). If the defendant does so, the burden then is on the plaintiff to prove that the defendant's rationale was a mere "pretext for discrimination." <u>Gallo v. Prudential Residential Servs. LLP</u>, 22 F.3d 1219, 1224 (2d Cir. 1994). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown <u>both</u> that the reason was false, <u>and</u> that discrimination was the real reason." <u>Gallo</u>, 22 F.3d at 1225 (quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993)) (emphasis in original). Additionally, "[w]here an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased

18

arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive." Collins v. New York City Transit Auth., 305 F.3d 113, 115 (2d Cir. 2002).

─────────

Plaintiff has not made out a prima facie case of sex discrimination, as he has not provided any evidence that his termination occurred in circumstances suggesting discriminatory intent. Plaintiff claims that if the incident between him and Mr. Trimble had been between a man and a woman, "it would have been a problem," and that the fact that the encounter was between two men should not make a difference. (Davis Dep. 47-48). Plaintiff seems to be asserting a claim of disparate treatment, which "arises when an individual is treated less favorably than a member of the opposite gender under circumstances from which a gender-based motive could be inferred." Glinski v. RadioShack, 2006 WL 2827870, at *9 (W.D.N.Y. Sept. 29, 2006); see also Schwabenbauer v. Bd. of Educ. of the City Sch. Dist. of the City of Olean, 667 F.2d 305, 309 (2d Cir. 1981). However, even if we view all possible factual inferences in the light most favorable to the plaintiff, Mr. Davis does not provide any evidence to lead a reasonable trier of fact to conclude that he was terminated because he is a man.

Plaintiff's testimony points to no circumstances that would suggest that the action taken against him by his employer would not have occurred in the case of a woman. Most obviously, he cites no example of a female employee engaging in similar behavior and not being disciplined. See, e.g., Memisevich v. St. Elizabeth's Med. Ctr., 443 F. Supp. 2d 276, 286 (N.D.N.Y. 2006) (discussing method of showing of disparate treatment by showing that "the employer treated plaintiff less favorably than a similarly situated employee in all material respects outside his protected group"). While it is "not . . . necessary for a plaintiff to identify an employee who was treated more favorably than the plaintiff and who was similarly situated to the plaintiff, except for being of the opposite sex," Brown v. Henderson, 257 F.3d 246, 253 (2d Cir. 2001), plaintiff does not cite any facts at all to support his claimed inference. Thus, he is reduced to simply asserting, in conclusory fashion, that NYCTA was motivated by discriminatory animus, but such an assertion alone is inadequate to save his claim. See, e.g., Gore v. Health Research Inst., 2007 WL 1120456, at *10 (E.D.N.Y. Apr. 16, 2007) (finding conclusory statements by female plaintiff about why she was fired, absent any evidence -- such as male employees being treated more favorably or her replacement being a male -- did not allow claim to survive summary judgment); see also Glinski, 2006 WL 2827870, at *9.

Even if plaintiff had been able to present a <u>prima</u> <u>facie</u> case of sex discrimination, he still would not prevail on his claim. Defendant has articulated a legitimate, nondiscriminatory reason for plaintiff's dismissal, and plaintiff has failed to show that that reason is merely pretextual. Plaintiff was charged with "conduct unbecoming a NYC Transit employee" in response to Mr. Trimble's accusation that plaintiff had pushed him down the stairs, pulled out a knife, and threatened that he was going "to stick" him. (Def.'s Mot. Exs. 4, 5). Trimble's report -- which defendant and the arbitrator were free to credit (and which is not meaningfully disputed) -- reflects conduct by plaintiff that provided a neutral, non-discriminatory reason for plaintiff's termination. Moreover, plaintiff fails to create a triable issue as to whether the explanation is pretextual.

Pursuant to the collective bargaining agreement between NYCTA and the Transport Workers Union of America, Local 100, AFL-CIO, defendant sought plaintiff's dismissal. (Def.'s Mot. Ex. 7). As the final step of the grievance process, plaintiff was granted an evidentiary hearing, where he was represented by a union lawyer, before an impartial arbitrator. (Davis Dep. 29; Def.'s Mot. Ex. 8). Although plaintiff challenged Mr. Trimble's version of the events, the arbitrator found that two witnesses, neither of whom had "any apparent motive to hurt [plaintiff]," had seen plaintiff holding a

21

knife in the confrontation with Mr. Trimble. (Def.'s Mot. Ex. 8 at 2). After reviewing the evidence, the arbitrator determined that NYCTA had showed cause for dismissing plaintiff. (Id.)

While "a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee . . . [w]here, as here, that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact -- e.g. new evidence not before the tribunal -- or that the impartiality of the proceeding was somehow compromised." Collins, 305 F.3d at 115. Plaintiff offers no new relevant evidence, nor does he challenge the fairness of the arbitration hearing. Additionally, the State Division of Human Rights also found no probable cause to believe that defendant had engaged in unlawful discriminatory practices towards plaintiff. (Def.'s Mot. Ex. 11 at 1). Finally, plaintiff offers no other evidence that the defendant's facially-neutral rationale for terminating him is a smokescreen for discriminatory animus.

In sum, plaintiff does not proffer evidence sufficient to make out a prima facie case of sexual discrimination, and even if he had, defendant has articulated a legitimate, nondiscriminatory

reason for plaintiff's dismissal, and plaintiff has not made any showing of pretext. Accordingly, his claim of gender discrimination is also not viable.

## CONCLUSION

For the foregoing reasons, defendant's summary-judgment motion is granted. The complaint is dismissed, and the Clerk shall close this case on the docket.


**Dated:    New York, New York**
**          November 14, 2008**


**RESPECTFULLY SUBMITTED,**


**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**


Copies of the foregoing Report and Recommendation have been mailed this day to:

Mike B. Davis
8 Fleet Walk, #1C
Brooklyn, NY 11201

23

Baimusa Kamara, Esq.
New York City Transit Authority
130 Livingston Street
Brooklyn, New York 11201